The Chancellor.
The complainants are the owners of dwelling houses and lands situated in Washington and Plane streets, in the city of Newark. Their bill alleges that the Canal Company constructed their canal through the city of Newark, and erected bridges over the canal, where it crosses Washington and Plane street, more than twenty years ago; that the complainants have constructed and arranged their houses so as to adapt them to the height of the bridges, as they were originally erected; that many of the said houses and lots were subjected to great damage by the original construction of the bridges requiring the streets to be filled up so as to make the passage over them natural and easy, by which the location of the complainants’ lots were made much lower, and thus greatly damaged.
The bill further alleges, that the complainants have understood and believe that recently some arrangement has been entered into between the Canal Company and the city of Newark, by which the city have stipulated, at the expense of the city, to raise the said bridges some two feet higher than they now are; that the raising of the said bridges two feet above their present height, or any higher than they now are, will work a great and irrepararable injury to the property of the complainants, and will constitute a nuisance; that the manner in which the said bridges have already been constructed has obliged the road leading to the same to be filled up, in order to pass the bridges; and that still further to raise the bridges, *258 will require the road to be filled up, so as to bury and materially and irreparably injure the complainants’ property.
The bill prays the defendants may be enjoined from raising the bridges above their present elevation.
The defendants have answered the bill. They admit that an agreement has been made between the city and Canal Company, for the latter to maintain the bridge in controversy ; they aver their right to make the agreement under a law of the state; the city of Newark admits that, under their authority, the bridges are about being raised; they deny that they are to be raised two feet above their present height, but allege they are to be raised one foot only; they deny that the street is to be filled up, so as to bury the complainants’ property; they aver that they do not intend to interfere with the sidewalks, and that no injury will be done to the complainants; they claim the right, under the city charter, to alter the grades of the public highways without compensating the owners of adjacent lots for incidental damages.
This bill cannot be maintained by the pi’esent complainants. They are improperly joined in the same bill. The complaint is, that the defendants are elevating above their present height the bridges in Washington and Plane streets. Samuel Smith is the owner of property on Plane street. The bridge in Washington street in no manner affects his property. His complaint is, that he is damaged by the defendants heightening the bridge in Plane street, where his property is located. It is manifest, therefore, that he cannot maintain a suit against the defendants in reference to anything they may contemplate doing with the Washington street bridge.
Linn Adams, another complainant, is the owner of three houses and lots of land in Washington street. But what complaint has he against the defendants for interfering with the Plane street bridge ? None at all. His damage, if any, is sustained by raising the bridge in Washington street. If, then, Samuel Smith has any cause of action against the defendants, it is for raising the Plane *259 street bridge. If Linn Adams has any cause of action, it is for raising the Washington street bridge. Here, then, are two complainants, with distinct causes of action, alleging distinct injuries, uniting in the same bill. To authorize them to join as complainant, their cause of action must be the same, the injury the same, and they must be entitled to the same remedy. Suppose, in the investigation of this cause, it should appear that the defendants have a right to elevate the bridge in Washington, but not the one in Plane street, then Linn Adams is entitled to redress, but not Samuel Smith. The defendants’ defence against one complainant may rest upon entirely different grounds from that against the other.
But as the complainants claim the right to amend their bill, in order to obviate this objection, it may save expense to the parties to look into the merits of the controversy.
By the original act of incorporation, the Canal Company is required to make good and sufficient bridges wherever the canal crosses any public road, and to keep the same in repair. Under this act, the Morris Canal Company constructed the bridges which are the origin of this suit. By an act of the legislature of 1845, entitled, “ An act relative to bridges over the Morris canal,” the proper officers of any city are authorized to contract with the company for the maintenance and repair of any bridges in the city, and the city is compelled, after such contract, to keep in repair and maintain the bridges embraced in the contract the same as other bridges belonging to the city.
Under this act of the legislature, the city and the Canal Company entered into an agreement, by which, for a sufficient consideration, paid or secured by the company to the city, the duty of the future maintenance and repair of the bridges over the canal, where it crosses the public highways of the city, devolve upon the city of Newark. The city of Newark is therefore invested with the same power and control over these bridges as it has over other bridges within the city limits. If, then, the city has the right to elevate or lower other bridges of the city, and so *260 to grade and regulate the public highways as to make the bridges accessible and convenient as public thoroughfares, its right to do this in reference to the Washington and Plane street bridges cannot be denied. The right to regulate the public highways of the city is conferred upon the city authorities in express terms by the charter.
But the defendants’ counsel insist, that if the city has the right to raise these bridges, it must first compensate the complainants for the injury they sustain by the exercise of this right. If the complainants are entitled to such compensation, then the city has no right to regulate the grade of any street within its limits without compensating the owners of adjacent property for the damage they may sustain. Por this court to enforce such a principle would be embarrassing, if not totally suspending the most important public improvements of the city. The city has authority, by its charter, to grade and regulate its public highways. The owners of property adjacent to such improvements have no legal claim upon the city for incidental damages.
In the exercise'of its chartered powers, the city has no right to occupy or appropriate private property without making compensation, nor would its authorities be permitted to do any wanton or unnecessary damage, direct or incidental, to any individual’s property. But the mere discretion of the city authorities cannot be interfered with or in any manner controlled by this court, so long as that discretion is exercised within its appropriate and legal limits.
The bill charges, that the raising of the bridges and filling up the streets will necessarily “ bury up” the complainants’ property. Against such a wrong, the complainants would be entitled to the protection of this court. This allegation the defendants deny. The answer states, that it is the intention of the defendants to raise the carriageway of the street one foot only, commencing at the height of one foot at the canal, and overcoming that elevation by a gradual slope, at a distance of twenty-five *261 feet, in the middle of the street, and that the sidewalks will not "be interfered with at all.
As this is the only ground for the interference of the court, and is fully denied by the answer, the injunction must be denied, and the bill be dismissed with costs.